IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:06-CR-14-FL-1
NO. 2:12-CV-1-FL

| | | |
|---|---|---|
| DARYL STEVEN CARR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 90), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). On August 23, 2012, the government withdrew its motion to dismiss, waived its statute of limitations defense, and suggested that the court should vacate petitioner's conviction under count three of the indictment under Simmons and reinstate counts one and two of the indictment for further proceedings. A Memorandum and Recommendation (M&R) filed May 28, 2013, nonetheless recommended denying petitioner's motion to vacate. Petitioner filed objections to the M&R, and this court directed supplemental briefing in light of Miller v. United States, 735 F.3d 141 (4th Cir. 2013), which has been received. For the reasons that follow, the court rejects the recommendation of the M&R, grants petitioner's motion, vacates petitioner's conviction, and directs petitioner to show cause why counts one and two should not be reinstated.

## BACKGROUND

On September 27, 2006, the government filed an indictment charging petitioner with two counts of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924 (counts one and two); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count three). On June 2, 2008, pursuant to a written plea agreement, petitioner pled guilty to count three of the indictment and the government agreed to dismiss counts one and two. On October 14, 2008, petitioner was sentenced to a term of 262 months imprisonment. Petitioner appealed and the court of appeals affirmed. On January 4, 2012, petitioner filed the instant motion to vacate.

## DISCUSSION

A. Motion to Vacate

As noted in petitioner's motion and the government's withdrawal of its motion to dismiss, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. A necessary element of the crime of conviction is therefore lacking. See 18 U.S.C. § 922(g)(1). In light of Miller, the court must reject the recommendation of the magistrate judge. See Miller, 735 F.3d at 143. Where the government waives defenses and concedes that petitioner's motion to vacate sentence should be granted, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion will be granted, and the judgment of conviction and sentence dated October 14, 2008, will be vacated.

B. Motion to Reinstate

The government suggests in its withdrawal that, upon granting petitioner's requested relief, then the court should reinstate counts one and two of the indictment for further proceedings. (See

2

Case 2:06-cr-00014-FL   Document 113   Filed 02/20/14   Page 2 of 4

DE 105, 112). The court construes the government's withdrawal as including a motion to reinstate. Under 18 U.S.C. § 3296, any counts of an indictment that are dismissed pursuant to a plea agreement "shall be reinstated by the District Court" if the following conditions are satisfied:

> (1) the counts sought to be reinstated were originally filed within the applicable limitations period;
>
> (2) the counts were dismissed pursuant to a plea agreement approved by the District Court under which the defendant pled guilty to other charges;
>
> (3) the guilty plea was subsequently vacated on the motion of the defendant; and
>
> (4) the United States moves to reinstate the dismissed counts within 60 days of the date on which the order vacating the plea becomes final.

18 U.S.C. § 3296(a). These conditions, in effect, are satisfied here upon vacating petitioner's conviction as to count three of the indictment. See United States v. Green, 139 F.3d 1002, 1005 (4th Cir. 1998) (holding that double jeopardy does not prevent government from re-indicting defendant on count previously dismissed pursuant to plea agreement, where original count of conviction is vacated) (citing United States v. Bunner, 134 F.3d 1000, 1005 (10th Cir. 1989)); see also Bunner, 134 F.3d at 1005 & n.4 (holding that change in law and successful § 2255 motion frustrated purpose of plea agreement and permitted the government to reinstate previously dismissed charges; upon reinstatement petitioner was awarded credit for time served).

Where petitioner has not had an opportunity formally to respond to the government's motion to reinstate, the court will direct petitioner to show cause within fourteen (14) days of the date of this order why counts one and two of the indictment should not be reinstated.

## CONCLUSION

Based on the foregoing, the court REJECTS the recommendation of the magistrate judge and GRANTS petitioner's motion to vacate (DE 71). The judgment of conviction and sentence dated

3

October 14, 2008, is VACATED. The court CONSTRUES the government's withdrawal (DE 105) as including a motion to reinstate, and the court DIRECTS petitioner, through appointed counsel, to show cause within fourteen (14) days of the date of this order why counts one and two of the indictment should not be reinstated.

    SO ORDERED, this the 20th day of February, 2014.

                              LOUISE W. FLANAGAN
                              United States District Judge